1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No. 2:14-cv-1076 MCE DAD PS

12              Plaintiff,
                                            ORDER & FINDINGS AND
13        v.                                RECOMMENDATIONS

14   APPROXIMATELY $9,000.00 IN U.S.
     CURRENCY,
15

16              Defendant.

17

18        This matter came before the undersigned on December 19, 2014, for hearing of plaintiff United

19   States of America's motion for entry of default judgment.  (Dkt. No. 20.)  Assistant United States

20   Attorney Jeffrey Spivak appeared telephonically on behalf of the plaintiff.  No appearance was made by

21   or on behalf of claimant Beverly A. Faille.  Having considered all written materials submitted with

22   respect to the motion, and after hearing oral argument, the undersigned recommends that plaintiff's

23   motion for entry of default judgment be granted.

24                              FACTUAL ALLEGATIONS

25        This is a civil action in rem brought by the United States for forfeiture of the defendant

26   currency.  According to the April 30, 2014, verified complaint for forfeiture in rem filed in this action,

27   on July 26, 2013, a Drug Enforcement Agency ("DEA") Special Agent received a telephone call from

28   Federal Express ("FedEx") Security regarding two suspicious parcels.  (Compl. (Dkt. No. 1) at 2.)

                                            1

Both parcels were addressed to Justin Faille, MQE, 1821 Rail Street, ("Rail Street"), Manteca, CA 95337 and listed a return address of "B. Melkin, Linda Shopping Center, 529 Main Street, Indian Orchard, MA 01151."  (Id.)

The DEA discovered that both parcels had been shipped on July 25, 2013 and that the $75 shipping fees had been paid in cash.  (Id.)  FedEx Security advised that two other packages had been shipped by FedEx using overnight delivery from the same shipping location in Massachusetts to the Rail Street address in Manteca, California the previous week and the shipping fees with respect to those packages were also paid for in cash.  (Id.)  Moreover, the Rail Street address was under investigation by the DEA in an active narcotics investigation and the address had been identified by multiple sources as being owned by an individual involved in interstate drug trafficking.  (Id.)

The DEA arranged for the California Highway Patrol ("CHP") to bring a drug-detection dog to the FedEx facility to investigate the packages.  (Id.)  The drug detection dog positively alerted to the odor of narcotics with respect to both packages.  (Id.)  On July 26, 2013, the DEA obtained federal search warrants for the parcels.  (Id.)  The DEA opened the first parcel, bearing tracking number 803247893644, and found $9,000.  (Id. at 3.)  The DEA opened the second parcel, bearing tracking number 803247892762, and also found $9,000.[1]  (Id.)  In each instance the money was wrapped in clear plastic vacuum sealed packages.  (Id.)  Based on the DEA agent's training and experience, FedEx is commonly used by drug traffickers to transport currency associated with narcotics.  (Id.)

PROCEDURAL BACKGROUND

On April 30, 2014, plaintiff filed a verified complaint for forfeiture in rem against the defendant currency.  (Dkt. No. 1.)  On May 1, 2014, the Clerk of the Court issued a warrant for the arrest of articles in rem, directing the U.S. Marshals Service to arrest and seize the defendant currency.  (Dkt. No. 3).  On May 5, 2014, the undersigned authorized publication of the forfeiture action via the internet forfeiture website (www.forfeiture.gov) for at least thirty days.  (Dkt. No. 4.)  According to plaintiff's Declaration of Publication a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on May 13, 2014.  (Dkt. No. 8.)  On May

---

[1]  The $9,000 seized in the parcel bearing tracking number 803247892762 is "the Defendant Currency," at issue in this action.  (Compl. (Dkt. No. 1) at 3.)

12, 2014, the United States filed a Notice of Arrest of Defendant Currency.  (Dkt. No. 5.)

On June 9, 2014, Beverly Faille, filed a letter with the court seeking "the return of my currency loaned to [her] son, Justin Faille, that were seized by the DEA from a FedEx package in Stockton, CA." (Dkt. No. 6 at 1.)  On June 26, 2014, Beverly Faille, proceeding pro se, filed an answer in this action. (Dkt. No. 7.)  On September 3, 2014, plaintiff filed proofs of service of the complaint on Justin Faille, Beverly A. Faille and Bruce Melkin.[2]  (Dkt. Nos. 11-13.)

On November 4, 2014, plaintiff filed a request for entry of default as to Justin Faille and Bruce Melikan, (Dkt. No. 17), and on November 6, 2014, the Clerk of the Court entered default as to Justin Faille and Bruce Melikian.  (Dkt. No. 18.)  On November 12, 2014, plaintiff filed an amended motion to strike the claim of Beverly Faille and for default judgment, seeking an order striking Beverly Faille's claim and answer, ordering the Clerk of the Court to enter Beverly Faille's default and granting the United States' request for default judgment against Beverly Faille, Justin Faille and Bruce Melikian.[3] (Dkt. No. 20.)  On November 14, 2014, the assigned District Judge referred this matter to the undersigned pursuant to Local Rule 302(c)(21).  (Dkt. No. 21.)

On December 19, 2014, the matter came before the undersigned for hearing of plaintiff's amended motion to strike and motion for default judgment.  (Dkt. No. 23.)  Despite being served with a copy of that motion, (Dkt. No. 20-2), Beverly Faille did not file any opposition to the motion and no appearance was made by, or on behalf of, Beverly Faille, or any potential claimant, at the December 19, 2014 hearing.  That same day, the undersigned granted plaintiff's motion to strike the claim of Beverly

/////
/////
/////
/////
/////

---

[2]  The proof of service for "B. Melkin" is signed by "Bruce Melikian."  (Dkt. No. 12.)

[3]  Therein, plaintiff asserts that Beverly Faille failed to respond to the Government's Special Interrogatories and that it appeared that Beverly Faille had abandoned her claim, as she failed to respond to two letters sent to her by the United States and had failed to file anything in this action since the filing of her answer.  (Pl.'s MDJ (Dkt. No. 20) at 4-5.)

Faille and took plaintiff's motion for default judgment under submission.[4]  (Dkt. No. 24.)

LEGAL STANDARD

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect.  FED. R. CIV. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).  Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-72; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits.  Id.

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and

---

[4]  A copy of that order was served on Beverly Faille.  In light of the fact that Beverly Faille has failed to plead or otherwise defend despite having been served in this action, the undersigned will order the Clerk of the Court to enter Beverly Faille's default.  See IO Group, Inc. v. Jordon, 708 F.Supp.2d 989, 1000 (N.D. Cal. 2010) ("Defendant failed to respond to the order to show cause.  Accordingly, the Court ordered the Clerk of Court to re-enter Defendant's default and ordered Plaintiff to file the present motion for default judgment."); Malik v. Hannah, Civil No. 05-3901 (JBS), 2007 WL 708981, at *1 (D. N.J. Mar. 2, 2007) ("Because it appears that Defendant Hannah 'has failed to plead or otherwise defend,' Fed. R. Civ. P. 55(a), within twenty days of being served, Fed. R. Civ. P. 12, the clerk shall enter Defendant Hannah's default."); Diversified Financial Systems, Inc. v. Tomich Corp., No. 95 CV 4211, 1997 WL 177873, at *2 (E.D. N.Y. Mar. 28, 1997) ("Although they initially appeared in the case through an attorney, an appearance, without any further attempt to defend on the merits, will not keep a party from being in default for failure to plead or otherwise defend.  Therefore, the court hereby orders the clerk to enter a default as to Tomich and the Giulianos.").

4

Maritime Claims ("Supp. R.") apply, but the latter rules prevail if there is an inconsistency.  Supp. R. A(1).  Supplemental Rule G(1) provides that the rule governs a forfeiture action in rem arising from a federal statute; to the extent that Rule G does not address an issue, Supplemental Rules C and E also apply.  Supplemental Rule G, which took effect on December 1, 2006, incorporates a common-sense approach to notice grounded in defined and recognized principles of due process of law.  Supp. Rule G, Adv. Comm. Note on 2006 Adoption.  The Advisory Committee Note indicates that the rule was added to bring together the central procedures governing civil forfeiture actions; it also states that the rule generally applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") as well as those excluded from it; thus, the intended scope of application is very broad.  The rule permits flexibility as to the time of service of any warrant and supplemental process.  Id.  The provisions for notice incorporate the traditional means of publication and adopt the general principle that notice should be effectuated by means reasonably calculated to reach potential claimants at a cost reasonable in the circumstances, and actual notice precludes a challenge to the government's failure to comply with the specific requirements of the rule set forth in Rule G(4)(b).  Id.

ANALYSIS

**1.    Judgement Sought**

The court concludes that the notice given of the judgment sought satisfies Federal Rules of Civil Procedure 55(d) and 54(c), which require that a judgment by default shall not be different in kind from the relief sought, or exceed in amount that prayed for, in the demand for judgment.  In this regard, plaintiff expressly sought in the complaint the types of relief sought by the instant application for default judgment, including a judgment of forfeiture of the defendant currency to the plaintiff United States.

**2.    Default and Entry of Default**

The declarations and the court's own docket demonstrate that, other than Beverly Faille, no person or entity made a claim or answered the complaint within the requisite thirty-day period for filing a claim under 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5), and/or within the twenty-one-day period set forth in Supplemental Rule G(5) for filing an answer thereafter.  Beverly Faille, who did make a claim, had her answer stricken on December 19, 2014, by the undersigned.  Therefore, the

Clerk appropriately entered the default of potential claimants Justin Faille and Bruce Melikian on November 6, 2014, and will enter the default of Beverly Faille forthwith.

**3.     Notice**

The Declaration of Publication by plaintiff filed on July 1, 2014 establishes that a notice with the contents required by Supplemental Rule G(4)(a) was published on the official government internet site for thirty consecutive days as required by Supplemental Rule G(4)(a)(iv)(c).  As to the potential claimants, the returns of service filed by plaintiff establish that Bruce Melikian was personally served with the pertinent documents as set forth above.  The record also establishes that plaintiff demonstrated diligent efforts to personally serve Justin Faille and Beverly Faille.  Therefore, the notice complied with the requirements of Supplemental Rule G(4)(b).  The undersigned concludes that plaintiff has demonstrated that it has given notice by publication as well as the notice required to be given to potential claimants by Rule G(4).

**4.     Legal Sufficiency of the Complaint**

     **a.     Legal Standard**

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim.  Alan Neuman Productions, Inc., 862 F.2d at 1392.  Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default.  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

Under the CAFRA, which applies to this case, the government must prove by a preponderance of evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1).  Further, if the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government must establish that there was a substantial connection between the property and the offense.  18 U.S.C. § 983(c)(3).

/////

Supplemental Rules for Certain Admiralty and Maritime Claims Rule G(2) requires that the complaint in a forfeiture action in rem arising from a federal statute be verified; state the grounds for subject-matter jurisdiction and in rem jurisdiction over the defendant property as well as venue; describe the property with reasonable particularity; identify the statute under which the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

**b.      The Complaint**

The complaint filed in this action was verified.  (Compl. (Dkt. No. 1) at 5.)  The bases for jurisdiction are identified as 28 U.S.C. §§ 1345 and 1355(a) (jurisdiction of civil proceedings commenced by the United States or an agency or officer thereof, and of actions to recover or enforce penalties or forfeitures under acts of Congress, respectively).  (Id. at 2.)  The bases of venue are identified as 28 U.S.C. §§ 1355 (placing venue for a civil forfeiture action where the acts giving rise to the forfeiture occurred) and 1395 (placing venue for a civil forfeiture proceeding where the property is found).  (Id.)  The property is described in the complaint with reasonable particularity and the complaint alleges that the defendant currency was seized in this district.  (Id.)

It is stated that plaintiff proceeds pursuant to 21 U.S.C. § 881(a)(6), and that the defendant currency, seized on July 26, 2013, was money furnished and intended to be furnished in exchange for a controlled substance or listed chemical, constituted proceeds traceable to such an exchange, and was used and intended to be used to commit or facilitate a violation of 21 U.S.C. § 841 et seq.  (Id. at 3.)

In the complaint there are alleged sufficiently detailed facts to support a reasonable belief that the government would be able to meet its burden of proof at trial.  As noted above, the complaint details that a DEA Special Agent received a phone call from FedEx Security regarding two suspicious parcels, mailed on the same day from Massachusetts to California, with the shipping charges paid in cash, with the same return address and the same delivery address.  The delivery address was under investigation by the DEA in relation to an active narcotics investigation and the address had been identified by sources as being owned by an individual involved in interstate drug trafficking.  A CHP drug-detection dog positively alerted to the odor of narcotics emanating from the packages.  In each package the DEA found $9,000 wrapped in clear plastic vacuum sealed packages.

These facts support a reasonable inference that the defendant currency was subject to forfeiture as money furnished and intended to be furnished in exchange for a controlled substance or listed chemical, constituted proceeds traceable to such an exchange, and was used and intended to be used to commit or facilitate a violation of 21 U.S.C. § 841, et seq.  The totality of the circumstances reflects a substantial connection between the defendant currency and a violation of these statutes.

**5.       Status of Potential Claimants and Discretionary Factors**

Here, no one other than Beverly Faille has claimed an interest in the defendant currency or otherwise responded to the complaint despite being provided adequate notice of these proceedings, and Beverly Faille's claim was stricken by the undersigned due to her apparent abandonment of her claim as evidenced by her failure to prosecute and/or participate in this civil action.  It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case.  No just cause for delay appears.  There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Based thereon, the court finds that plaintiff has shown its entitlement to a default judgment of forfeiture.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall enter the default of Beverly Faille.

Also, IT IS HEREBY RECOMMENDED that:

1. The United States' amended motion for default judgment and final judgment of forfeiture (Dkt. No. 20) be granted;

2. That judgment by default be entered against any right, title, or interests of Beverly Faille, Justin Faille, and Bruce Melikian in the defendant currency referenced herein; and

3. That a final judgment be entered, forfeiting all right, title, and interest in the defendant currency to the United States, to be disposed of according to law.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days

after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 13, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\USv$9000.mdj.f&rs.docx